KING *v*. McDOWELL.

Opinion delivered March 24, 1913.

1. STATUTES—IMPLIED REPEAL.—A general act will be held to repeal a prior special act, when the general act takes up the subject anew and covers the whole subject-matter included in the special act, and it is evident that there is an intention manifested by the Legislature to make the new act contain all the law on the subject. (Page 384.)

2. SPECIAL SCHOOL DISTRICTS—CONSOLIDATION.—Act 116 of the Public Acts of 1911, which provides for the holding of an election to

decide the question of the consolidation of school districts, repeals Act 289 of the Acts of 1909, which provided for consolidation by order of the county court.   (Page 385.)

3.   STATUTES—ENACTING CLAUSE.—Where the enacting clause of an act of the General Assembly is, "Be It Enacted by the People of the State of Arkansas," the act is valid, the enacting clause being a substantial compliance with section 18, article 5, of the Constitution, and a substantial compliance being sufficient.   (Page 385.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

*Fink & Dinning,* for appellants.

The attempted consolidation was ineffectual for two reasons:

1.   Act 289 of Acts of 1909, is void for uncertainty.

2.   It was repealed by Act No. 116 of Acts of 1911 by implication.  It is a general act, comprehensive in its scope, and covers the whole subject.   105 Ark. 77; 80 Ark. 411; 97 U. S. 546; 88 Ark. 324.

*Moore, Vineyard & Satterfield,* for appellees.

The former act was not repealed by the latter. There is no special repeal and no repugnancy in the two acts. 92 Ark. 270; 28 *Id.* 325; 41 *Id.* 151; 50 *Id.* 127; 53 *Id.* 504. Repeals by implication are not favored.   101 Ark. 238, 71 *Id.* 135; 72 *Id.* 119; 84 *Id.* 329.   A general statute will not repeal a special act where there is no express repeal, and no invincible repugnancy between the two.   93 Ark. 621.

HART, J.   Twenty-eight residents of School District No. 11, of Phillips County, filed a petition in the county court of said county, asking that said school district be annexed to Marvell Special School District.

The petitioners represented to the court that the proposed annexation of School District No. 11 with the Marvell Special School District was for the purpose of securing better educational advantages for their children. Twenty-five other residents of School District No. 11 duly filed their remonstrance to the petition.   They objected to the annexation because they allege that the annexation would place them so far away from the school-

house as to practically deny them any benefit from the common schools of the county.

The county court upon the hearing of the cause, made an order for the annexation of said School District No. 11, of Phillips County, to Marvell Special School District. It was further ordered that the treasurer of Phillips County transfer all the funds to the credit of said School District No. 11 to the account of said Marvell Special School District. Upon appeal to the circuit court, judgment was again rendered annexing said School District No. 11 to said Marvell Special School District.

To reverse the judgment of the circuit court, this appeal is prosecuted. The proceedings for the consolidation of the two districts were had under Act No. 289 of the Acts of 1909.

Hence the decision of the issue raised by the appeal depends upon whether or not Act No. 289 of Acts of the General Assembly of 1909 was repealed by Act No. 116 of Acts of the General Assembly of 1911. Act No. 289 is a special act applicable to Phillips County only. The act is as follows:

"Section 1. That the county court of Phillips County shall have the power to change and consolidate any school district or districts in the county, *provided*: That before it shall assume jurisdiction to make such change or consolidation, there shall be published in a newspaper published in the county a notice of such proposed change or consolidation for thirty days before acting thereon.

"Section 2. That any resident of the district or districts to be affected by such change, or consolidation, shall have the right to object thereto, by making himself a party to the proceedings, and an appeal shall lie from a decision of the county court to the circuit court, in the same manner as is now provided for appeals in other cases from the county court." See Acts of 1909, p. 887.

Act No. 116 is an act to provide for the consolidation of adjacent school districts and prescribing the powers and duties of such consolidated districts. See General

Acts of 1911, page 81. Sections numbered 1 and 2 of the act are as follows.

"Section 1. Any two or more school districts in this State may be organized into and established as a single consolidated school district in the manner and with the powers hereinafter specified.

"Section 2. The board of directors of each school district proposing to enter into the consolidation may, and, upon the written petition of 10 per cent of the electors of the district shall, at any annual election, or at a special election to be held for that purpose, which special election shall be held not less than thirty nor more than sixty days from the date of the presentation of the petition, submit the question of consolidation of the electors of the district."

The act contains sixteen sections and fully and specifically prescribes the manner of the consolidation of adjacent school districts and the powers and duties of such consolidated districts. The general act takes up the subject anew and covers the whole subject-matter embraced by the special act. It is evidenced that there was an intention manifested by the Legislature to make the new act contain all the law on the subject. In the case of *Hampton* v. *Hickey,* 88 Ark. 324, the court held (quoting from syllabus): (1) While the general rule is, that a general act does not repeal a prior special act, the question is always one of intention, and the purpose to abrogate the particular enactment by a later general act is sufficiently manifested when the provisions of both can not stand together. (2) A later statute which extends and enlarges a right before existing impliedly repeals the law by which the former was created or given. (3) When a later statute is exclusive, that is, where it covers the whole subject-matter to which it relates, it will be held to repeal by implication all prior statutes on that subject, whether they are general or special.

In that case, a special act was passed by the Legislature in 1905 authorizing the Special School District of Fordyce to borrow money to build a schoolhouse, to

mortgage the real estate of the district, and to issue bonds or other evidences of indebtedness not to exceed fifteen thousand dollars. Subsequently, at the same session of the Legislature, an act was passed authorizing all special school districts in the State of Arkansas to borrow money without restriction as to the amount. The court held that the latter general act repealed the prior special act. See also *Western Union Tel. Co.* v. *The State,* 82 Ark. 302; *DeQueen* v. *Fenton,* 100 Ark. 504.

Applying the principles of law decided in those cases to the facts as shown by the record in the present case, we think that the general act for the consolidation of adjacent school districts impliedly repealed the special act under which the consolidation in this case was effected. No election was had or attempted to be had under the provisions of the general act and the order of consolidation made under the terms of the special act was invalid.

The enacting clause of Act No. 116 of the General Acts of 1911 is, "Be It Enacted by the People of the State of Arkansas." Therefore, it is urged by counsel for appellee, that the act has never been enacted into a law in accordance with the Constitution. But this question has been decided adversely to their contention in the case of *Ferrell* v. *Keel,* 105 Ark. 380. There the court held that the initiative and referendum amendment referred only to bills initiated by the people under such amendment, and did not repeal section 18 of article 5 of the Constitution, which provides that legislative bills shall be styled, "Be It Enacted by the General Assembly of the State of Arkansas," and that this is now the proper enacting clause for bills by the General Assembly of the State of Arkansas. But the court held also that the enacting clause, "Be It Enacted by the People of the State of Arkansas," is a substantial compliance with section 18, article 5, of the Constitution, above quoted; and that a substantial compliance with it is sufficient.

It follows that the judgment must be reversed and the cause remanded for further proceedings according to law.