LOWDEN ET AL., TRUSTEES C. R. I. & P. RY. CO. *v.* QUIMBY.

4-4191

Opinion delivered February 24, 1936.

*Thos. S. Buzbee, A. S. Buzbee* and *H. T. Harrison,* for appellants.

*C. C. Hollingsworth, W. F. Norrell* and *R. W. Wilson,* for appellee.

BUTLER, J.   In an action for damages for personal injuries, appellee recovered a judgment from which is this appeal.

The injuries were occasioned by the crashing of an automobile in which appellee was riding into a freight car, while it was blocking a crossing in the town of Banks, Arkansas. The collision occurred between two and three o'clock, A. M.   From the testimony adduced by the appellee, it is shown that he, accompanied one Mondell Harvey from Warren, where they lived, to El Dorado *via* Hampton, and it was on the return journey from El Dorado that the accident occurred.   Appellants operated a mixed train from Crossett to Tinsman.   On the night of the accident the train stopped a short distance before reaching the town of Banks, on its journey from Crossett to Tinsman, and picked up an empty car for the purpose of moving it to Banks and placing it upon a sidetrack.   The depot was located at a point where the highway crossed the railroad, and the sidetrack was a short distance north of that point.   When the train reached

Banks, it was stopped with the locomotive, and some of the cars north of the crossing, and other cars extending south. The conductor went to the depot for the purpose of depositing the mail and registering the arrival of his train at that point. While he was engaged in this duty, the engine was detached from the train, and was being used to place the empty car on the sidetrack. Just as this operation had been completed, the automobile in which appellee was riding collided with the boxcar standing on the crossing, resulting in severe injuries to the appellee.

It was alleged that the accident was the result of the concurring negligence of the appellants and Mondell Harvey, the negligence of the former consisting in obstructing the highway, and of the latter in neglecting to stop, look and listen for trains, and in carelessly driving his automobile against the boxcar. The highway on the side from which appellee was approaching the railroad crossing was straight for a distance of about nine hundred feet west of the railroad, and crossed it at right angles. From the distance mentioned the highway descended at a grade of approximately three per cent. for the first seven hundred feet. For the next one hundred feet the grade was approximately two per cent., and from that point to the railroad it was less than two per cent. At three hundred feet from the track the highway was 7.2 feet higher than the track; at two hundred feet it was 4.4 feet higher and at one hundred feet it was 1.7 feet higher.

The evidence, relating to the operation of the automobile and the circumstances under which it approached the track, is not in dispute and is gathered from the testimony of the appellee. The automobile was being driven by Mondell Harvey, and was owned by his father. From the crest of the declivity and until the collision, it was being driven at thirty miles per hour. Harvey and appellee were both familiar with the highway at this place, and knew where the railroad crossing was, and that they were approaching it. The driver of the automobile did not stop, look or listen as he approached the crossing, and in this connection the appellee stated: ''I didn't

have any cause to look. I was familiar with the highway and knew there was a railroad crossing there.''

It is conceded by appellee that Mondell Harvey was negligent in the operation of the car, and that this was a contributing cause to the accident, but he argues that this negligence cannot be imputed to him. This argument is based upon the proposition that appellee did not own the car, and had no control over the driver, and that the ''lay of the land'' was such as to prevent the lights of the automobile from shining ahead, so as to disclose the presence of the boxcar on the crossing. There is evidence that the color of the average boxcar is red, and appellee stated that the first he saw of the car were the rods under it; that the lights from the automobile were shining under the car until he got right to it.

To sustain the contention that Harvey's negligence is not imputable to appellee, the cases of *Graves* v. *Jewel Tea Co.,* 180 Ark. 980, 23 S. W. (2d) 982, and *St. Louis & S. F. Railway Co.* v. *Steele,* 185 Ark. 196, 46 S. W. (2d) 628, are cited. In the Graves case, which arose out of the collision of two cars, the testimony as to how each car was being driven at the time and the circumstances immediately preceding was in dispute. Because of this, the question of whether the invited guest was guilty of any negligence which contributed to her injuries was submitted to the jury. In discussing this instruction we said: ''While it is true that the negligence of Murphy cannot be imputed to appellant riding with him as his guest, it was the duty of appellant to exercise ordinary care for her own safety, and a failure to exercise such care, which contributed to her injury, would constitute contributory negligence on her part, barring a recovery.'' In the Steele case, *supra,* the guest was riding in an old Ford car, which, having reached the crossing of the railroad tracks, almost stopped running, and the guest, fearing that the car would be struck by a fast train which was approaching, jumped from the car, fell on the track and was injured by the train. It appeared that the driver of the car and the employees of the railroad were both negligent. The guest sued the railway

for damages, and to this action the railway set up as an affirmative defense the plaintiff's contributory negligence. This court approved the instruction based upon that phase of the case, and in that connection said: "Appellee was required to exercise ordinary care for his own safety under the circumstances; and, if it appeared to him, as it evidently did, that the car was going to be struck by the train, he had the right, of course, to make the effort to get out of the car and avoid the danger, and was not necessarily negligent in attempting to do so, and certainly not guilty of contributory negligence as a matter of law that would bar his recovery, or of negligence at all, if the jury found, as they might have done, that a person of ordinary care and prudence might have made such an attempt in the emergency."

The facts in the cases cited are essentially dissimilar to those in the case at bar, so that the question of appellee's negligence or exercise of ordinary care must depend upon the facts of this case. These, stated most favorably for him, and derived largely from his own testimony, are to the effect that he was entirely familiar with the situation just ahead on the highway on which they were driving; that he observed the negligent conduct of the driver of the automobile, and, although riding on the front seat with him, did not warn him or remonstrate regarding his negligence, and did not, himself, look for possible danger ahead. He judged he had no cause to look and sought to justify his failure to observe the car on the crossing by the fact that the lights of the automobile, because of the declivity in the highway, did not light the way ahead. This fact was an added reason why he should have looked, especially when the driver was approaching the crossing at thirty miles an hour with no precaution for their safety.

The testimony of one of the witnesses for the appellee was to the effect that while he was sitting in his house seventy-five yards away from the crossing he could see the bulk of the boxcar and heard the noise made by the moving locomotive, which was equipped with a headlight, and there were lights at the rear of the train just

south of the depot. Certainly then, appellee and his companion should have seen the obstruction, or have been apprized of the presence of the train, had either of them been using any care for their own safety.

If it be conceded that actionable negligence on the part of appellants has been shown, this does not relieve drivers of automobiles upon the highway of exercising some degree of care for their own safety; nor does it excuse a guest, having knowledge of the driver's negligence, of doing something in an attempt, by persuasion or otherwise, to have the driver correct his fault. We think it clear, judged by his own testimony, that appellee was guilty of negligence, and that his injuries were not occasioned by the operation of the train, but by the negligent operation of the automobile while the boxcar was standing on the crossing. The cases cited by appellants sustain the conclusions we have reached. Among these is the case of *St. Louis, etc. Ry. Co.* v. *Guthrie,* 216 Ala. 613, 114 So. 215, 56 A. L. R. 1110; *Scott* v. *Delaware, etc. Co.,* 226 N. Y. S. 289, and *Missouri Pac. R. Co.* v. *Price,* 182 Ark. 801, 33 S. W. (2d) 366.

Having reached the conclusion that appellee's negligence was the proximate cause of his injuries, it becomes unnecessary to notice the other questions raised by counsel, and, as the case appears to have been fully developed, the judgment of the trial court is reversed, and the cause dismissed.