GILLENWATER *v*. BALDWIN ET AL., TRUSTEES
M.O. PAC. RD. CO.

4-4232

Opinion delivered March 23, 1936.

*McKinley & Jaggers, Guy Durbin* and *Ward & Ward,* for appellants.

*Thomas B. Pryor* and *Daggett & Daggett,* for appellees.

HUMPHREYS, J. Appellant, Wallace Gillenwater, brought suit against appellees in the circuit court of Lee County to recover damages to his automobile and himself, occasioned by a collision between his automobile and appellees' freight train while the train was standing across the main street of Marianna, a part of the train being on the north, and a part thereof on the south side of said street, connected by a flat car standing on the crossing.

Appellant's automobile was insured in the General Exchange Insurance Corporation, which paid for a part of the necessary repairs on the automobile after the collision, and it became a party plaintiff in the suit by virtue of a conventional subrogation agreement between said appellants.

It was alleged in the complaint that appellees were guilty of negligence in blockading the street without maintaining a signal, watchman or other lookout for the protection of approaching motorists or others, and that, on account of said negligence, he ran into the flat car as he approached from the east in his automobile in the exercise of ordinary care for his own safety, thereby injuring his car and himself to his damage in the sum of $2,725. The insurance company prayed for damages in the sum of $152.30.

Appellees filed an answer, denying each and every material allegation in the complaint, and by way of affirmative defense alleged that the collision, injuries and damages resulting therefrom were solely and proximately the result of the negligence of appellant, Gillenwater, in driving his automobile into the train of appellees without ordinary care and precaution for his own safety. The cause was submitted on the pleadings and testimony of appellant, Wallace Gillenwater, at the conclusion of which appellees requested an instructed verdict in its favor, which the court gave over the objection and exception of appellants. Judgment was rendered in accordance with the instructed verdict for appellees, from which is this appeal.

Wallace Gillenwater testified that about midnight on August 19, 1934, upon a dark night, he approached the crossing, with which he was familiar, from the east up an incline, traveling in his automobile at about twenty-five miles an hour, and did not see the flat car standing on the crossing until within a few feet of it, and too near thereto to materially slacken his speed; that he then attempted to check his car and turn to the right but crashed into the flat car; that his lights were on and his brakes in fairly good condition, and that he was looking to the front, but failed to see the flat car because his lights, owing to the

incline, projected their rays above instead of on or against the flat car; that no signal of any kind or watchman was there to warn him against the danger; that he did not stop, look or listen as he approached the crossing, taking it for granted that the street was open and not blocked.

In the recent case of *Lowden, et al., Trustees C. R. I. & P. Ry. Co.* v. *Quimby, ante* p. 307, 90 S. W. (2d) 984, the facts of which are quite similar to the facts in the instant case, this court said: "He (appellee) judged he had no cause to look and sought to justify his failure to observe the car on the crossing by the fact that the lights of the automobile, because of the declivity in the highway, did not light the highway ahead. This fact was an added reason why he should have looked, especially when the driver was approaching the crossing at thirty miles an hour with no precaution for their safety." And again, in further analysis of the facts, this court said: "If it be conceded that actionable negligence on the part of appellants has been shown, this does not relieve drivers of automobiles upon the highway of exercising some degree of care for their own safety. * * * We think it clear, judged by his own testimony, that appellee was guilty of negligence, and that his injuries were not occasioned by the operation of the train, but by the negligent operation of the automobile while the box car was standing on the crossing."

In the instant case, there is no substantial evidence, even by reasonable inference, tending to show negligence on the part of appellee. The record is silent as to the purpose for which the train stopped or how long it had been there when appellant, Gillenwater, ran into the flat car. For aught that appears, it may have just come to a standstill, and time sufficient may not have elapsed for the brakeman to hang out a lantern or other signal or to place a watchman to warn the public who might be approaching. The record does not reflect that the train had stopped and obstructed the street in violation of any ordinance or had been there for an unreasonable length of time without putting out a signal. Be that as it may,

the undisputed evidence is that appellant, Gillenwater, approached the crossing, with which he was familiar, at the rate of twenty-five miles an hour on a dark night without slowing down, stopping, looking or listening, oblivious to the fact that a train might be standing on the crossing, and just taking it for granted that the street was clear. In other words, he drove into the flat car with his eyes wide open without exercising any degree of care for his own safety. There is no escape from the conclusion that his own negligence was the sole and proximate cause of his injuries and damage.

No error appearing, the judgment is affirmed.