The Kansas City Southern Railway Company *v.* Briggs.

4-4466

Opinion delivered December 14, 1936.

*James B. McDonough,* for appellant.

*Quillin & Quillin,* for appellees.

McHaney, J. Appellees brought separate actions against appellant to recover, in the case of appellee Briggs, for damages to his truck, and, in the case of appellee Dalton, for personal injuries received by him when he drove said truck in to the side of a train of appellant standing on a crossing in the city of Mena. The cases were consolidated for trial, which resulted in separate verdicts and judgments against appellant and in favor of said Briggs for $275, and in favor of said Dalton for $50.

The facts are as follows: Briggs is engaged in the retail meat business in Mena and Dalton is his employee. On the night of December 24, 1935, after the close of business, Briggs loaned Dalton his truck to engage in an enterprise of his own. At about 6:30 p. m. of said date, Dalton drove said truck north on Seventh street in said city towards appellant's track, which runs east and west and across Seventh street, and into a car of a train which was standing on the crossing on said street, resulting in damage to the truck and to himself. The negligence al-

leged is that the trainmen failed to ring the bell, blow the whistle, or to warn him in any manner that said crossing was blocked. Appellant denied all of the allegations in the complaints and alleged that Dalton unlawfully, carelessly and negligently ran the truck against its train which was standing still in the street in Mena, and that his injury, if any, was due solely to his own carelessness and negligence.

Appellant requested a directed verdict in its favor at the conclusion of all the testimony, which was refused by the court, and this request forms the basis of the principal argument for a reversal of the judgments against it.

We agree with appellant that no case was made for the jury. Appellee Dalton was guilty of contributory negligence as a matter of law. He testified his lights were in good condition; that he was driving at the rate of 15 or 20 miles per hour; that Seventh street, or highway 71, which is 40 or 50 feet south of the railroad, is slightly down hill; that he didn't see the train until in about 10 feet of it; that as he drove to his home after leaving the meat shop he passed over the tracks on Main or Mena street and he heard a train down about the water tank and that he returned towards town in about 15 minutes and drove over Seventh street, across highway 71, and intended to cross the tracks again on Seventh, supposing the train had pulled into the station and opened the crossing. The facts in this case are quite similar to those in the recent cases of *Lowden* v. *Quimby,* 192 Ark. 307, 90 S. W. (2d) 984, and *Gillenwater* v. *Baldwin,* 192 Ark. 447, 93 S. W. (2d) 658, and it is ruled by these cases. There is no negligence shown on the part of appellant. The undisputed evidence is that the train stopped at the water tank about 5 minutes to get water. It then pulled into the depot and the conductor communicated with appellant's dispatcher to advise him what time the train would arrive in Heavener, the next station stop, and that the train was stopped at the station not exceeding 3 or 4 minutes, during which time it was run into by Dalton. Under such circumstances appellant was not required to keep a watchman at said crossing or to display a light

signal or give other warning of the standing train, and was, therefore, not guilty of negligence. Appellee, Dalton, was injured by his own negligence, and appellee Briggs' car was damaged by the negligence of his own employee.

The judgments will be reversed, and the causes dismissed.