CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY
*v.* SULLIVAN.

4-4500

Opinion delivered January 25, 1937.

A. S. *Buzbee* and *Thos. S. Buzbee,* for appellant.
*W. A. Speer,* for appellee.

BUTLER, J. This action was instituted by appellee to recover damages for alleged personal injuries received when an automobile in which she was riding ran into the side of a freight train, the property of the appellant railway company, the collision having occurred by reason of the alleged concurring negligence of the driver of the automobile and the appellants. The answer denied the material allegations of the complaint, and alleged that the injuries were the result of appellee's own negligence.

The only witnesses testifying were the appellee, in her own behalf, and the operatives of the freight train. There was a verdict and judgment in favor of the appellee from which is this appeal.

The appellee testified that on the night of the accident she was being transported from Longview, Texas, to El Dorado, Arkansas, in a car operated by a Mr. Mitchell. He was riding on the front seat with another man, and she was on the rear seat with a quantity of her household effects which she was taking to keep house with. She repeatedly cautioned the driver who never at any time drove more than fifteen or twenty miles an hour, and was a careful driver; that they approached the crossing where the collision happened at about nine or nine-thirty at night proceeding at about fifteen miles an hour; that the first she knew they were going on the railroad was when they hit the train; that she did not know the train was there until the collision occurred. The auto-

mobile in which she was riding struck the first car back of the locomotive, and "he never blew the whistle or rang the bell"; that after the collision the train stopped with the caboose just above the crossing; that the automobile did not turn over, but was turned sideways; that it had been raining that day, but was not raining at the time. It was a paved road, and it was dark at the time of the accident.

The undisputed proof is to the effect that the highway was paved and straight for a distance of five or six hundred feet from the railway crossing in the direction from which the automobile was approaching. The train crew was expecting to meet another train at that point, and was preparing to enter a passing track with the train which was at that time moving at not more than ten miles per hour. The testimony of the train crew is to the effect that not only were the regular crossing signals given, but additional blasts were sounded by the whistle to give warning to the expected train, and that after the collision they examined the train and found marks made by the impact of the automobile on the eleventh car from the locomotive. The train consisted of a locomotive and thirty freight cars all of which had passed over the crossing except the caboose before the train could be stopped; that the air brake was applied immediately when the automobile struck the train. Neither of the two men riding in the automobile were injured, and when the driver was interrogated by one of the train crew as to why he ran into the train he stated, in the presence of appellee, that his brakes were bad and he was unable to stop.

When the testimony of the appellee is accepted as true, and the greatest weight given to it, we are of the opinion that it fails to establish actionable negligence on the part of the appellants. While appellee stated that the train whistle was not blown or the bell sounded, she admitted that the automobile struck the boxcar behind the locomotive. Therefore, the locomotive was blocking the highway as the automobile approached, and was of itself notice of its presence. The only negligence testified

494

to was the failure of the train crew to sound the whistle or ring the bell. "The object of signals is to notify people of the coming of a train. Where they have that knowledge otherwise, signals cease to be factors." *St. Louis S. F. Ry. Co.* v. *Farrell,* 84 Ark. 270, 105 S. W. 263; *Missouri P. Rd. Co.* v. *Price,* 182 Ark. 801, 33 S. W. (2d) 366; *Kansas City Southern Ry. Co.* v. *Briggs, ante* p. 311, 99 S. W. (2d.) 579. Assuming there were no signals given, this was not the proximate cause of the collision, which can be attributed only to the inattention of the driver of the automobile, and its defective condition. This being the effect of the evidence viewed in the light most favorable to the appellee, it necessarily follows that the trial court erred in not directing a verdict as requested by the appellants. The judgment will, therefore, be reversed, and the cause dismissed.