CHIPMAN v. MISSOURI PACIFIC RAILROAD COMPANY, ET AL.

4-4957

Opinion delivered February 28, 1938.

*John H. Lookadoo* and *Rowell, Rowell & Dickey,* for appellant.

*R. E. Wiley* and *Henry Donham,* for appellee.

HUMPHREYS, J. This is an appeal from a directed verdict in favor of appellee and a judgment rendered

thereon dismissing appellant's complaint. The judgment was rendered in the circuit court of Clark county.

At the conclusion of appellant's testimony, appellee moved that the court instruct a verdict for it which was done over the objection and exception of appellant.

In determining whether the court should have directed a verdict for appellee and should have dismissed appellant's complaint, the evidence must be viewed in the most favorable light to appellant giving thereto its greatest probative value in favor of appellant together with every reasonable inference deducible therefrom. In other words, if the evidence was such that had the case been submitted to the jury and a verdict returned in appellant's favor, and this court would have affirmed the judgment based upon said verdict, then it was the duty of the trial court to have submitted the cause to the jury.

In viewing the evidence under the rule thus announced, the facts are as follows: On October 13, 1936, at nine o'clock p. m., appellant, an invited guest of Verda Phillips, who was driving an automobile, while proceeding north on highway 65, two miles north of Pine Bluff, ran into a freight car which was being pushed over the highway crossing toward the east or in the direction of Pine Bluff. The freight car was one of eight freight cars coupled together which were being pushed or backed by an engine over the crossing from the west to the east without anyone being at the crossing or on the side or top of the east car with a light to warn the traveling public of its approach to or passage over the crossing, and without ringing the bell or blowing the whistle on the engine. It was a dark night and the freight cars were dark color. The locomotive or engine was some distance west of the crossing and the headlight of the engine was obstructed by a freight car immediately in front or east of it. The east freight car had passed over the crossing when the automobile in which appellant was riding ran into the side of the second freight car. The automobile in which appellant was riding was traveling at the rate of 25 miles an hour, with lights which reflected about fifty feet ahead, but the first notice appellant had of the freight

car on the crossing was when the automobile was within ten feet of it, although appellant and Phillips were looking ahead and watching the road. When appellant discovered their nearness to the freight car, he hallooed and Phillips, not having time to apply the brakes, turned the automobile to the right and struck the freight car, and the moving train dragged the automobile and turned it over in a ditch, seriously injuring appellant and killing Phillips. The highway and railroad track were on a level. The railroad was a branch road running from Pine Bluff to Sheridan and only two trains each day passed over it going from Pine Bluff to Sheridan and return. The highway was used a great deal by the traveling public. Neither appellant nor Phillips were familiar with the exact location of the crossing.

The only other evidence in the record related to the extent of the injuries of appellant, the pain and suffering he endured and the expense incurred by him on account of his injuries, which it is unnecessary to set out in view of the fact that the court instructed a verdict for appellee.

The majority of the court are of opinion, not concurred in by the minority, that the instant case is controlled by the following cases: *M. P. Rd. Co.* v. *Hancock, ante,* p. 414, 113 S. W. 2d 489; *Chicago, R. I. & P. Ry. Co.* v. *Sullivan,* 193 Ark. 491, 101 S. W. 2d 175; *Kansas City Southern Ry. Co.* v. *Briggs,* 193 Ark. 311, 99 S. W. 2d 579; *Lowden, et al., Trustees* v. *Quimby,* 192 Ark. 307, 90 S. W. 2d 984; *Gillenwater* v. *Baldwin,* 192 Ark. 447, 93 S. W. 2d 658; *Missouri P. Rd. Co.* v. *Price,* 182 Ark. 801, 33 S. W. 2d 366; and that under the rules announced and applied to the particular facts in those cases appellant's own negligence in the instant case was the sole and proximate cause of his injuries. The judgment is affirmed.