St. Louis Southwestern Ry. Co. *v.* Robinson.

5-1410                                 308 S. W. 2d 282

Opinion delivered December 16, 1957.

*Wilbur H. Botts* and *Barrett, Wheatley, Smith & Deacon,* for appellant.

*William C. Gibson* and *George E. Pike,* for appellee.

GEORGE ROSE SMITH, J. This is an action for personal injuries sustained by the appellee in a collision between his pick-up truck and a freight train which was standing still at a public crossing just inside the city of Gillett. The plaintiff's truck struck the fifth or sixth car of the eleven-car train. In appealing from a verdict and judgment for $7,500 the railroad company and its two employees contend that they were entitled to a directed verdict, and, if not, that the court erred in its instructions to the jury.

The accident happened shortly after dark on the evening of October 19, 1955. Robinson had been in town

and was returning to his home, which is about a city block north of the railroad crossing. He used this highway about six times a day and was of course familiar with the crossing. As he traveled north toward his home his approach to the railroad tracks was, for the last few hundred feet, along a straight level road. He testified that he was driving at about 25 or 30 miles an hour, with his headlights on their low beam. He did not see the train until he was "right upon it." He says that there was no light of any kind to warn him and that the gravel car which he hit was about the same color as the pavement. A neighbor who lives near the crossing testified that he did not hear the train whistle and that when he looked out of his window upon hearing the crash he did not see any light at the crossing.

The testimony of the railroad crew shows that the train was being backed across the highway in a switching operation. When the lead car reached the crossing a brakeman dropped off and stood in the road with an electric lamp. This witness testified that he saw the lights of Robinson's truck when it was some 300 or 400 feet away. He signaled continuously by waving his light, but the truck came on at a speed of about fifty miles an hour and, with no reduction in speed, hit the train after the witness had jumped aside at the last moment. The engineer testified that upon seeing the brakeman's frantic signals and the approaching vehicle he stopped the train and gave repeated short blasts of his whistle until the truck hit the train. The plaintiff concedes that the train was stationary when he drove into it.

From the conflicting testimony the jury doubtless concluded that no signals of any sort were given to warn Robinson of the train's presence at the crossing. The appellants contend that the matter of signals became unimportant when the train occupied the crossing; they cite several cases in which we held that a railroad company was not liable to a motorist who drove his vehicle into a train that was already obstructing the highway. Cases similar to this one include *Fleming* v. *Missouri & Ark. Ry. Co.,* 198 Ark. 290, 128 S. W. 2d 986, and *Lloyd*

v. *St. Louis Southwestern Ry. Co.*, 207 Ark. 154, 179 S. W. 2d 651.

All the cases cited were decided under the comparative negligence act which applied only to railway companies and prevented a recovery if the plaintiff's negligence exceeded that of the defendant. Ark. Stats. 1947, § 73-1004. We did not say in those opinions that the railroad company was entirely free from fault; we merely held that the plaintiff's negligence was greater than that of the defendant and therefore prevented a recovery. This point was fully explained, after a thorough review of the decisions, in *Hawkins* v. *Mo. Pac. R. Co.*, 217 Ark. 42, 228 S. W. 2d 642, where we held that the unusual fact situation presented a jury question concerning the comparative negligence of the parties.

The cases mentioned do not control this one, which arose after the enactment of Act 191 of 1955 and was tried before that act was repealed by Act 296 of 1957. Ark. Stats., § § 27-1730.1 and 27-1730.2. The 1955 statute differs from the railroad comparative negligence law in that it eliminates the requirement that the plaintiff's negligence may not exceed that of the defendant. Hence, if the 1955 act applies to this case, the appellants are not entitled to a reversal and dismissal merely upon a showing that Robinson's negligence was greater than their own. Upon that finding the plaintiff's recovery would simply be reduced in the proportion that his negligence bore to the total negligence in the case.

We hold that Act 191 impliedly repealed the railroad comparative negligence act and applies to this litigation. As a general rule a general act does not repeal an earlier special act, but there is an implied repeal when the general act takes up the subject anew and covers the entire subject-matter embraced by the special act. *King* v. *McDowell*, 107 Ark. 381, 155 S. W. 501. In each case the question is really whether the legislature meant for the special law to remain in force as an exception to the general statute.

Here there are two persuasive reasons for thinking that Act 191 was intended to be exclusive. First, Act 191 by its express language applies to "all actions hereafter accruing for negligence resulting in personal injuries or wrongful death or injury to property." It is manifest that the legislature meant for the act to govern every case falling within its purview. Second, when the railroad act was first adopted its effect was to put the plaintiff in a railway case in a more favorable position than other plaintiffs, since a recovery would not be barred by slight contributory negligence. If Act 191 did not repeal the special railroad statute it would follow that the plaintiff in a railway case was put in a less favorable position than other plaintiffs, since he alone would be barred if his negligence exceeded that of the defendant. We see no reason to suppose that the legislature had in mind a complete reversal of its policy with respect to actions against railroad companies.

At the trial the defendants correctly contended that Act 191 had repealed the railroad comparative negligence law, and on this theory the court was requested to submit special interrogatories to the jury in accordance with the mandatory provisions of the 1955 act. This request should have been granted, for, as we have seen, Act 191 governed this case at the time it was tried.

Soon after the trial Act 191 was expressly repealed by Act 296 of 1957, which (a) bars a recovery in all cases when the plaintiff's negligence exceeds that of the defendant and (b) does not re-enact the mandatory provisions of Act 191 with reference to special interrogatories. Since Act 296 applies by its terms to actions "hereafter accruing," its substantive provisions will not be controlling upon a new trial in this case. Instead, the rule of comparative negligence contained in Act 191 will govern, for a statute of long standing provides that pending cases are not affected by the repeal of any statutory provision. Ark. Stats., § 1-104. This saving clause does not apply, however, to mere changes in procedure, *Fort Smith Gas Co.* v. *Kincannon,* 202 Ark. 216, 150

S. W. 2d 968; so we point out that the submission of the case upon special interrogatories will not be mandatory upon a retrial, this being a matter of procedure only.

The trial court also erred in giving an instruction on the railroad company's statutory duty to ring a bell or sound a whistle. The statute requires that the locomotive or engine be equipped with a bell or whistle, that the device be sounded at least eighty rods from the crossing, and that it "be kept ringing or whistling until it [the locomotive or engine] shall have crossed said road or street." Ark. Stats., § 73-716. Thus the statute does not require that the signals be given after the train has occupied the crossing, and we have often held that the signals cease to be factors when the train is blocking the highway as the motor vehicle approaches. *Chicago, R. I. & P. Ry. Co.* v. *Sullivan,* 193 Ark. 491, 101 S W. 2d 175; *Fleming* v. *Mo. & Ark. Ry. Co., supra.* The instruction concerning the statutory duty to give signals was therefore abstract in this case and may well have misled the jury. Instead, the plaintiff was entitled only to an instruction submitting on common law principles the issue of the defendants' asserted negligence in failing to give warning of the fact that the train was obstructing the crossing.

Reversed and remanded.