JOHNSON *v.* BREWER.

5-1505                                                311 S. W. 2d 301

Opinion delivered March 24, 1958.

*Gannaway & Gannaway,* for appellant.

*H. B. Stubblefield,* for appellee.

GEORGE ROSE SMITH, J. This is an action by the appellee for personal injuries sustained when he was struck, while walking across a street in Little Rock, by a car being driven by the appellant. The case having been submitted upon special interrogatories, the jury found that the appellee's total damages were $45,000 and that the total negligence was attributable in the ra-

tio of 80 per cent to the appellee and 20 per cent to the appellant. The court accordingly awarded the appellee a judgment for $9,000.

The appellant later filed a motion to vacate the judgment, asserting that the comparative negligence act of 1955 had been repealed before the trial of this case, that the repeal revived the common law rule of contributory negligence, and that the plaintiff's recovery was therefore completely barred by the jury's finding of negligence on his part. The trial court overruled this motion. The appellant now contends that the motion should have been granted and, alternatively, that the verdict is excessive.

On the first point the pertinent facts are these: The accident happened on February 23, 1956, while Act 191 of 1955 was in effect. This suit was filed on June 22, 1956. Act 191 of 1955 was thereafter superseded by Act 296 of 1957, which took effect on March 27, 1957. Ark. Stats. 1947, §§ 27-1730.1 and 27-1730.2. The case was tried on April 9, 1957.

On these facts the motion to vacate the judgment was correctly denied. In *St. Louis Southwestern Ry. Co.* v. *Robinson*, 228 Ark. 418, 308 S. W. 2d 282, we held that, with respect to cases that were pending when Act 191 was repealed, the substantive rule of comparative negligence embodied in that act was continued in force by the general saving statute, Ark. Stats., § 1-104. In *Chism* v. *Phelps*, 228 Ark. 936, 311 S. W. 2d 297, also decided today, we are holding that, with respect to cases which arose while Act 191 was in force but which were not yet pending at the time of its repeal, the substantive provisions of Act 191 were continued in force, by re-enactment, insofar as there is no conflict between the two acts. Since the present case was admittedly pending at the time Act 191 was superseded, it falls within the holding in the *Robinson* case, and the trial court properly awarded the appellee a judgment for 20 per cent of his total damages.

We cannot say that the verdict for $45,000 is excessive. Before the accident the appellee, a man of forty, had earned up to $60 a week as a service station attendant. An actuary testified that the present value of an income at the rate of $50 a week for the plaintiff's life expectancy exceeds $73,000. As a result of the accident the plaintiff was confined to a hospital for more than a month and underwent a further period of convalescence before he was able to walk. His brain is seriously and permanently injured; the jury were justified in concluding that his earning capacity is substantially destroyed. Upon this proof the award does not appear to be excessive.

Affirmed.