CHISM *v.* PHELPS.

5-1514                                     311 S. W. 2d 297

Opinion delivered March 24, 1958.

*Reid* and *Burge,* for appellant.

*Gene Bradley* and *Max B. Harrison,* for appellee.

MINOR W. MILLWEE, Associate Justice. The principal question for decision is whether the comparative negligence statute of 1955 (Act 191 of 1955) or the common law rule of contributory negligence is applicable to the instant action for personal injuries and damages growing out of an automobile collision.

On October 31, 1956, a collision occurred on U. S. Highway 61 near Blytheville, Arkansas, between automobiles owned and being driven by appellee, Cary "Bud" Phelps, and appellant, Leon Chism, a resident of Missouri, shortly after appellee's car had collided with another car driven by John Russ.

On March 19, 1957, appellee filed this action against the appellant and Russ in the Mississippi Circuit Court alleging that, as a result of the collision, he suffered serious and permanent personal injuries which were caused by the joint and concurring negligence of the defendants. In his answer filed on April 5, 1957, appellant denied the allegations of negligence directed against him but further alleged that, if he were negligent, any damages sustained by appellee should be diminished in proportion to the contributory negligence chargeable to him. On June 18, 1957, the day of trial, appellant filed a supplement to his answer alleging as an alternative defense that the negligence of appellee constituted a complete bar to any recovery by him.

At the trial all issues as to defendant, John Russ, were tried before the court. At the conclusion of all the testimony adduced on a trial of all other issues to a jury, the appellant's objection to the submission of the case under Act 191 of 1955 was overruled. In answer to special interrogatories the jury found that appellant was 90 per cent negligent and appellee 10 per cent negligent; and that appellee's total damages were $9,500.00.

After the verdict was returned Appellant filed a motion for judgment thereon in his favor on the

ground that Act 191 of 1955 was repealed, without a savings clause, by Act 296 of 1957, leaving the common law rule of contributory negligence applicable; and that appellee, having been found guilty of negligence, was not entitled to any recovery as against the appellant. This appeal is from a judgment overruling said motion and for appellee in the sum of $8,550.00 in accordance with the verdict. Thus the pivotal issue is whether the adoption of Act 296 of 1957 (Ark. Stats. Secs. 27-1730.1 and 27-1730.2) resulted in the complete interruption of Act 191 of 1955, and the reinstatement of the common law defense of contributory negligence as to the instant action.

The first two sections of Act 296 of 1957 read as follows:

"Section 1. Contributory negligence shall not bar recovery of damages for any injury, property damage or death where the negligence of the person injured or killed is of less degree than the negligence of any person, firm, or corporation causing such damage.

"Section 2. In all actions hereafter accruing for negligence resulting in personal injuries or wrongful death or injury to property, the contributory negligence shall not prevent a recovery where any negligence of the person so injured, damaged or killed is of less degree than any negligence of the person, firm or corporation causing such damage; provided that where such contributory negligence is shown on the part of the person injured, damaged or killed, the amount of recovery shall be diminished in proportion to such contributory negligence."

Section 3 of the act expressly repeals Act 191 of 1955.[1] Section 4 is the emergency clause declaring that

---

[1] Section 1 of Act 191 reads: "In all actions hereafter accruing for negligence resulting in personal injuries or wrongful death or injury to property, including those in which the defendant has had the last clear chance to avoid the injury, the contributory negligence of the person injured, or of the deceased, or of the owner of the property, or of the person having control over the property, shall not bar a recovery, but the damages awarded shall be diminished in proportion to the amount of negligence attributable to the injured person or to the deceased or to

great "confusion and unfairness" occurred in the trial of negligence cases under the 1955 statute.

In support of his contention that the repeal of Act 191, without a savings clause, had the effect of completely doing away with it and reinstating the common law rule of contributory negligence, appellant relies on the following statement in 50 Am. Jur., Statutes, Sec. 525: "It is a general principle that the repeal of a statute which abrogates the common law operates to reinstate the common - law rule, unless it appears that the legislature did not intend such reinstatement."

In determining legislative intent there are other rules of statutory construction pertinent to the instant problem. "It is presumed that all legislation is intended to act only prospectively, and all statutes are to be construed as having only a prospective operation unless the purpose and intention of the Legislature to give them a retroactive effect is expressly declared or necessarily implied from the language used." *Hardin, Commissioner of Revenues* v. *Fort Smith Couch & Bedding Co.*, 202 Ark. 814, 152 S. W. 2d 1015. Also, in determining legislative intent, each section of the statute is to be read in the light of every other section, and the object and purposes of the act are to be considered. *Berry* v. *Sale,* 184 Ark. 655, 43 S. W. 2d 225.

As to the effect of a simultaneous repeal and re-enactment of all, or some, of the provisions of the repealed act in the former, there is considerable division of authority. "In a few jurisdictions the rule has been laid down that the simultaneous repeal and re-enactment of a statute operate as a repeal and interruption of the former statute, and that rights and liabilities thereunder are not preserved and cannot be enforced. The prevailing view, however, is that where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment is considered a reaffirmance of the old law, and a neutralization of the

the owner of the property or to the person having control over the property."

Section 2 provides for special findings of fact by the court or special verdict of the jury as to the amount and extent of the damages.

repeal, so that the provisions of the repealed act which are thus re-enacted continue in force without interruption, and all rights and liabilities incurred thereunder are preserved and may be enforced.'' 50 Am. Jur., Statutes, Sec. 533.

The majority rule is similarly expressed in 82 C. J. S. Statutes, Sec. 435, as follows: ''The repeal of a statute does not operate to impair or otherwise affect rights which have been vested or accrued while the statute was in force. This rule is applicable alike to rights acquired under contracts and to rights of action to recover damages for torts. Where a new statute continues in force provisions of an old statute, although in form it repeals them at the moment of its passage, a right of action created by the old statute is not thereby destroyed.

''Where, however, the statute is regarded not as creating a right, but only as providing a remedy where none existed at common law, its repeal has the effect of taking away the remedy for acts or omissions occurring while the statute was still in force. . .

''*Even where no question of vested rights is involved,* the presumption is that repeal of a statute does not invalidate the accrued results of its operative tenure, and it will not be thus retroactively construed as undoing accrued results if not clearly required by the language of the repealing act.''

We are impressed with the following candid appraisal of the problem by the author in Crawford, Statutory Construction, Sec. 322: ''Often the legislature instead of simply amending a pre-existing statute, will repeal the old statute in its entirety and by the same enactment re-enact all or certain portions of the pre-existing law. Of course, the problem created by this sort of legislative action involves mainly the effect of the repeal upon rights and liabilities which accrued under the original statute. Are those rights and liabilities destroyed or preserved? The authorities are divided as to the effect of simultaneous repeals and re-enactments.

Some adhere to the view that the rights and liabilities accruing under the repealed act are destroyed, since the statute from which they spring has actually terminated, even though for only a very short period of time. Others, and they seem to be in the majority, refuse to accept this view of the situation, and consequently maintain that all rights and liabilities which have accrued under the original statute are preserved and may be enforced, since the re-enactment neutralizes the repeal, thereby continuing the law in force without interruption. Logically, the former attitude is correct, for the old statute does cease to exist as an independent enactment, but all practical considerations favor the majority view. This is so even where the statute involved is a penal act." See also Sutherland, Statutory Construction (3rd Ed.), Sec. 2035.

Many early decisions supporting the majority rule are listed in an exhaustive annotation on the question in 11 Ann. Cas. 472. A few more recent cases to the same effect are: *In re Opinion of the Justices,* 89 N.H. 563, 198 A. 249; *Massa v. Nastri,* 125 Conn. 144, 3 A. 2d 839, 120 A.L.R. 939; *City of Bluff City v. Western Light & Power Corp.,* 137 Kan. 169, 19 P. 2d 478; *Pittsley v. David,* 298 Mass. 552, 11 N.E. 2d 461; *Waddell v. Mamat,* 271 Wis. 176, 72 N.W. 2d 763; *Inland Navigation Co. v. Chambers,* 202 Or. 339, 274 P. 2d 104.

Act 191 of 1955 was in full force and effect when the instant collision occurred on October 31, 1956, and when suit was filed on March 19, 1957. Act 296 of 1957 became effective on March 27, 1957, when it was approved by the governor. It expressly repealed Act 191 of 1955 but only applied to actions "hereafter accruing", and was not retroactive.

When the foregoing rules of statutory construction are applied, it is apparent there was no intent on the part of the Legislature to reinstate the common law doctrine of contributory negligence on causes of action that had accrued under Act 191 but had not been determined when Act 296 became effective. By re-enacting the rule of comparative negligence embraced in Act 191

in an amended form in Act 296, the Legislature demonstrated a clear disinclination to restore the common law rule. In this connection we cannot agree with appellant's contention that either act is purely procedural and does not affect the substantive rights of the parties. While no simple formula can be evolved to determine the difference between the two, we think the right of a party plaintiff to recover substantial damages even though he is 10 per cent, or even 49 per cent, negligent involves a substantive right and not a matter of procedure. This is the effect of our holding in *St. Louis Southwestern Ry. Co.* v. *Robinson,* 228 Ark. 418, 308 S. W. 2d 282, where we pointed out that the principal change in the substantive provisions of Act 191 wrought by Act 296 was to bar recovery in cases where the plaintiff's negligence exceeds that of the defendant.

While the majority rule may seem more practical than logical, we regard it as sound and wholesome when applied to ascertain the legislative intent in the instant case. Under this rule the Legislature, in the enactment of Act 296 of 1957, re-enacted a comparative negligence law repealing only those provisions of the 1955 Act inconsistent and in conflict with the new act. Appellee's right to recover damages for his injuries, even though he was 10 per cent negligent, accrued while Act 155 was in full force. This right of action was carried forward in Act 296 and was tantamount to a reaffirmance of the 1955 Act and a neutralization of the repeal to that extent.

Even if the valuable right accruing to appellee under the 1955 Act did not rise to the dignity of a *vested* one, as appellant so earnestly contends, its repeal did not thereby destroy the accrued results of its operative tenure. As the New Hampshire court stated in the case of *In re Opinion of the Justices, supra:* "The repeal of a statute renders it thenceforth inoperative, but it does not undo or set aside the consequences of its operation while in force, unless such a result is directed by express language or necessary implication. A status established in a manner which becomes proscribed is not lost by the mere fact of the proscription.

"Even, as here, where no question of vested rights is involved, the presumption is that the repeal of an act does not invalidate the accrued results of its operative tenure. To undo such results by a repeal is to give it retroactivity, and based upon elemental principles of justice a rule of construction avoids that effect if the language of the repeal does not clearly require it."

We conclude that appellee's right to recover substantial damages despite his own contributory negligence under Act 191 of 1955 was preserved rather than destroyed by Act 296 of 1957. This interpretation of the effect of Act 296 renders it unnecessary to determine the applicability of the General Savings Statute (Ark. Stats., Sec. 1-104) on said act, or whether the instant action was pending within the meaning of that statute when Act 296 became effective. It follows that the trial court correctly construed the unchanged provisions of Act 191 of 1955 as being applicable in the instant trial, and the judgment is affirmed.