Robert L. ROBERTSON and Opal Robertson *v.* CITY OF LOWELL, Arkansas

88-147                                759 S.W.2d 212

Supreme Court of Arkansas
Opinion delivered November 7, 1988
[Rehearing denied December 12, 1988.*]

*Purtle, J., would grant rehearing.

*Jeff Duty* and *W.H. Taylor*, for appellant.

*Matthews, Campbell & Rhoads, P.A.*, by: *George R. Rhoads*, for appellee.

DAVID NEWBERN, Justice. In this municipal land use zoning case we must determine whether a land use which violated a zoning ordinance became a permitted, preexisting, non-conforming, use when the zoning ordinance was repealed and replaced by another zoning ordinance. We hold that a non-conforming use of land which violated a previous zoning ordinance is not a permitted non-conforming use under a subsequently enacted zoning ordinance. The decree of the chancellor to that effect is affirmed.

The case was submitted to the chancellor upon a stipulation of facts. In 1985, Robert L. and Opal Robertson, the appellants, owned a 40-acre tract, zoned "agricultural," on which they had one mobile home. At that time Ordinance 177 of the City of Lowell, the appellee, allowed one mobile home per 20 acres of land in an agricultural district or zone, subject to approval of the Lowell Planning Commission. A neighbor who wished to place a mobile home on his one acre of land adjoining that of the Robertsons deeded his land to the Robertsons. The planning commission approved the placement of a second mobile home on the tract which then consisted of 41 acres. Ordinance 222, passed on April 9, 1985, amended Ordinance 177, but it made no change in the provision pursuant to which the second mobile home on the tract was approved.

Sometime prior to June 17, 1986, the Robertsons moved yet another mobile home onto the tract without planning commission approval. The stipulation states that they deeded back to their neighbor the one acre previously added to their 40-acre tract, but

it does not state when that occurred. The Robertsons do not deny that the third mobile home was placed on their land in violation of Ordinances 177 and 222, thus we presume the deed back to the neighbor was executed after the third mobile home was placed on what was then a 41-acre tract.

On July 8, 1986, the city adopted its third zoning ordinance. This one was a comprehensive ordinance which repealed "[a]ll ordinances or parts of ordinances in conflict" with it. It provided that mobile homes could be placed only in mobile home parks and that "[n]on-conforming use of land and structures may be continued and improved but not expanded so long as it remains otherwise lawful." The city sought an injunction to have the second mobile home on the now 40-acre tract of the Robertsons removed because it was in violation of Ordinance 238. The Robertsons contended that the two mobile homes remaining on the 40-acre tract constituted a non-conforming use permitted under the ordinance. They did not contend in their brief to the chancellor, and they do not contend here, that their deed back to their neighbor caused their land to conform to Ordinance 222 and thus to constitute a lawful non-conforming use permitted under Ordinance 238. The record does not demonstrate when that deed was executed, thus no such argument can be the basis of a decision in favor of the Robertsons on this appeal.

The Robertsons' argument is that their use is a permitted non-conforming use under Ordinance 238 because, by repealing the preceding zoning ordinances, the city made lawful all uses preceding Ordinance 238. The city argued, and the chancellor found, that Ordinance 238 was a repeal and reenactment of the zoning law. Thus he concluded the repeal was "neutralized," and the Robertsons' extra mobile home was at all times in violation of the city's zoning laws and therefore did not qualify as a remaining non-conforming use under Ordinance 238.

We need not discuss whether the enactment of a comprehensive zoning law necessarily completely repeals a preceding comprehensive zoning law because we agree with the chancellor's conclusion that, to the extent there has been a repeal, the repeal is "neutralized" with respect to continuation of the rights and liabilities under the preceding law. In *Chism* v. *Phelps*, 228 Ark. 936, 311 S.W.2d 297 (1958), we held that where a

statute is repealed and all or some of its provisions are simultaneously reenacted, the reenactment is considered a reaffirmance of the old law, and the provisions of the repealed act thus reenacted are continued in force. The Robertsons argue, however, that the provisions of Ordinances 177 and 222 with respect to mobile home regulation were not continued or reenacted because Ordinance 238 established a complete set of new rules applicable to them. That argument disregards the apparent intent of the city not to repeal the old zoning law so as to legalize every land use in violation of it, but to expand the scope of impermissible uses.

In the *Chism* case it was contended, in effect, that by repealing the law establishing the comparative negligence standard in torts cases and reenacting it with changes, the general assembly had reinstated the contributory negligence standard with respect to an automobile accident which occurred before the repeal and enactment of the new law. We rejected that argument, pointing out that the general assembly intended no such thing. We noted that by reenacting a comparative negligence rule the general assembly "demonstrated a clear disinclination to restore the common law rule." 228 Ark. at 942, 311 S.W. at 300. Paraphrasing that decision, and applying it by analogy to these ordinances, we say here that by reenacting a comprehensive zoning ordinance the City of Lowell demonstrated a clear disinclination to return to being a city without land use regulation.

> To be valid, a nonconforming use must have been a lawful use when established, and so a use which was established in violation of either public law or private property rights is usually not recognized as a nonconforming use. If the previous use was a zoning violation, the case is clear that such use cannot attain the status of a nonconforming use under the same (or a subsequent[)] zoning ordinance [footnote omitted].

N. Williams and J. Taylor, 4A Williams American Planning Law, § 110.02, p. 89 (1986). *See also* R. Anderson, 1 American Law of Zoning, § 6.14, p. 481 (1986).

Affirmed.

PURTLE and GLAZE, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. This is a typical case of land grabbing and confiscation by cities for the purpose of collecting additional taxes from the property owners and farmers. This unfortunate lawsuit is about a forty acre farm near the city of Lowell, Arkansas. It was outside the city until the city government expanded about a day's walk in each direction. By enactment of Zoning Ordinances 177, 222, and 238, the city reaches, like the tentacles of an octopus, into the property, home and life of every resident in the city of Lowell. It tells them how and when they may use their property and whether they can remodel or rent. Whatever use a property owner makes of his property, it must be approved by the city first.

Both the United States and Arkansas Constitutions protect property rights. However, state and local governments continually seem to hamper the citizens and inhabitants within their jurisdiction by issuing as many restrictions and decrees as possible. For example, Ordinance 238, enacted by the city of Lowell on July 8, 1986, establishes what it classifies as a comprehensive zoning ordinance. It is indeed comprehensive; it is also confiscatory and arbitrary. Apparently the uses and regulations to which this land is subjected were borrowed from the city of New York because there are about 400 land use classifications in the ordinance adopted by the city of Lowell, Arkansas, which probably has less than 400 buildings.

One of the classifications of lands in the city is agricultural. I suppose they intended to allow farmers to continue using their farmlands to farm. A farm without a house on it is of less value than it is with a house on it. The repealed ordinance allowed people to place a mobile home on each 20 acres of land. It so happens that the appellants own what amounts to two 20 acre parcels of land. They have a mobile home on the south side of the 40 acres, in which appellants' mother lives, and a mobile home on the north side. It seems to me that this clearly comes within the classification allowing the one mobile home on each 20 acre plot, which was allowed by the repealed ordinance.

The chief argument presented by the appellant is that Ordinance 238 repealed all existing ordinances and "grandfathered" in existing land uses. Section 5 of Ordinance 238 states:

Non-conforming use of land and structures may be contin-

ued and improved but not expanded so long as it remains otherwise lawful.

Both mobile homes were in place and occupied prior to enactment of the present ordinance. It appears to me that the appellants have complied with the ordinance in the first place and secondly that the city repealed any prior ordinance and grandfathered in existing uses as of the date of the enactment of Ordinance 238. Additionally, I can see no reason whatsoever for excluding mobile homes from areas where other homes may be built. Simply because a person is financially unable to build a house on a site is not cause to deny him the right to move a mobile home onto his property. There are no classes of citizens established in the constitutions; neither are there any restrictions of property rights or degree of uses. These classifications are creatures of the cities which are themselves creatures of the state legislature. All people are supposed to be treated equal and afforded due process of law. The city has not only discriminated against farmers and mobile home owners but has also taken a valuable property right without just compensation and in violation of the Equal Protection and Due Process of Law clauses of the United States Constitution.

The Robertson farm was in existence long before the city of Lowell was established. The appellants are in conformity with the ordinance since they have a mobile home on the north side of the 40 acres and a mobile home on the south side of the 40 acres. Again, these mobile homes were in place before the existing ordinance was adopted. Since it repealed all existing ordinances and allowed existing non-conforming uses to continue, there is no reason why these people should be deprived of their right to maintain this property in the manner they have chosen. It is obviously not offensive to anyone except the city officials and is no doubt the most respectable and best use of the property. There is no more reason to allow a $250,000 home on less than 20 acres than there is to allow a mobile home on the same size plot. Such treatment tends to allow only the wealthy to use their land as they deem fit. Even a city does not have the right to deprive an individual or individuals of their constitutional rights.

I have no complaint against the city of Lowell which I do not have against all other cities and the state. I simply believe that government governs best which governs least. I can see no

relevant state purpose in ordinances such as these.