Mr. Bill J. Ford Bank Commissioner Arkansas State Bank Department Tower Bldg., Suite 500 323 Center Street Little Rock, AR 72201-2613
Dear Mr. Ford:
This is in response to your request for an opinion on the following question:
 If the state bank board approves an application to relocate a state-chartered bank's main office into a community in a county other than the county in which the bank's principal office is now located, does the bank have a legal right to operate a branch bank in the facility which previously housed its principal office even though a state-chartered bank could not, as of this date, be authorized to establish a branch outside the county in which its principal office is located?
It is my opinion, following a review of the pertinent legislation, that the answer to your question is "no". This conclusion is based upon an interpretation of the legislation, in the absence of case law authority on point.
Acts 2 and 12 of the Fourth Extraordinary Session of 1988 amended prior law to provide for the establishment of full service branches and customer-bank communication terminals anywhere within the county in which the establishing bank's principal banking office is located. A.C.A. 23-32-1202(b)(1) (1988 Advance Code Service.) County-wide branch banking was heretofore unauthorized. The 1988 amendments also initiate a phased-in approach to branch banking outside the county, providing for branching within contiguous counties after December 31, 1993, and state-wide branching after December 31, 1998.
Your question relates, specifically, to subsection (b)(2) of 23-32-1202, as added to that section by Section 4 of Acts 2 and 12 of the 1988 fourth special session. Subsection (b)(2) states in pertinent part:
 (b) . . . Full service branches and customer-bank communication terminals may only be established as follows:
* * *
(2) A bank which relocates its principal banking office may continue to use its former principal banking office location as a full service branch and customer-bank communication terminal so long as the use as as a banking facility is uninterrupted[.]
Viewed alone, subsection (b)(2) reflects no limitations in connection with the operation of a full service branch at a former principal banking office following relocation of the main office. One might therefore contend that this subsection authorizes continued use of a former principal office as a full service branch when that office relocates in another county.
It is my opinion, however, that a reading of 23-32-1202 as a whole belies such an assertion. In determining legislative intent, each section of an act must be read in light of every other section, and the object and purpose(s) of the act must be considered. Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297
(1958). It is significant to note in this regard that subsection (b)(1) of 23-32-1202 sets forth the initial proposition that full service branches ". . . may only be established . . . anywhere within the county in which the establishing bank's principal banking office is located[.]" Subsection (b)(2) must, in my opinion, be construed in light of this limitation. Indeed, the expansion of branch banking outside the county is addressed in the ensuing subsection (3), wherein the limitation is gradually removed over a defined time period. The location of full service branches in contiguous counties is not permitted until 1994; state-wide branching will be in place by 1999. A.C.A. 23-32-1202(b)(3) 
(4).
The emergency clause, contained in Section 10 of Acts 2 and 12 of the Fourth Extraordinary Session of 1988, also clearly reflects legislative intent with respect to the expansion of branch banking wherein it states in pertinent part: It is hereby found and determined by the General Assembly that . . . amendments to the branch banking laws of the state are immediately necessary to authorize county-wide branch banking and to provide for the orderly expansion of branch banking, after a period of time, outside the county, and to authorize statewide branch banking after a defined period of time[.] (Emphasis added.)
We cannot conclude that 23-32-1202(b)(2), when read in context and in light of this expression of legislative intent, operates to permit retention of a branch bank at a former principal office location when the main office is relocated in another county. I do not believe that a court, if faced with the question, would facilitate this indirect accomplishment of what cannot be done directly under current law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.