The Honorable Cliff Hoofman State Senator P.O. Box 1038 North Little Rock, AR 72115
Dear Senator Hoofman:
This is in response to your request for an opinion on the following questions:
 1. A.C.A. Section 19-11-801, prohibits the use of competitive bidding in negotiating contracts for legal, architectural, engineering and land surveying services. Is there any prohibition against competitive bidding for any other professional services either explicit or implied anywhere in the law? Is there any prohibition against competitive bidding for audit or accounting services?
 2. A.C.A. Section 14-58-303(B) permits the governing body to waive the requirements of competitive bidding "in exceptional situations where this procedure is deemed not feasible or practical". Is there direct or indirect authority for waiving competitive bids by any other municipal entity except for the governing body? Is the governing body authorized to delegate this authority to any other municipal entity?
Your correspondence indicates that these questions are asked at the request of the City of North Little Rock. Our responses will therefore be directed to municipalities operating under the mayor/city council form of government. Questions involving other political subdivisions may require consideration of particular purchasing procedures.
It is my opinion that the answer to both parts of your first question is "no". Section 19-11-801 states:
 It is the policy of the State of Arkansas and political subdivisions that the state and political subdivisions shall negotiate contracts for legal, architectural, engineering, and land surveying services on the basis of demonstrated competence and qualifications for the type of services required and at fair and reasonable prices and to prohibit the use of competitive bidding for the procurement of professional services.
While the final clause of this Code section may at first glance appear to prohibit competitive bidding for any professional service, it is my opinion that when read as a whole, Sections19-11-801 et seq. prohibit the use of competitive bidding for legal, architectural, engineering, and land surveying services, and should not be construed to prohibit bidding for professional services other than those within this enumerated class or group.
The remaining sections (19-11-802 through 19-11-805) clearly indicate that the phrase "professional services" under 19-11-801
has reference to the aforementioned "legal, architectural, engineering, and land surveying services."[1] Section 19-11-802(c) states: "The political subdivision shall not use competitive bidding for the procurement of professional services of a lawyer, architect, engineer, or land surveyor." Section 19-11-805(c) provides for a course of action when a contract cannot be negotiated "with any of the selected firms", (emphasis added), including reevaluation of the necessary "legal, architectural, engineering, or land surveying services."
The title to this act may, finally, be resorted to as a means of resolving doubt in interpretation. See, generally, City of Ft. Smith v. Brewer, 255 Ark. 813, 502 S.W.2d 643 (1973). Sections19-11-801 et seq. (Supp. 1989) codify Act 616 of 1989, the title to which states:
 AN ACT DECLARING PUBLIC POLICY CONCERNING THE PROCUREMENT OF CERTAIN PROFESSIONAL SERVICES BY THE STATE AND POLITICAL SUBDIVISIONS . . . [Emphasis added.]
It is therefore my opinion that competitive bidding for professional services other than legal, architectural, engineering, and land surveying is not prohibited. There appears to be no prohibition elsewhere in the law in this regard. Nor have we found any prohibition against competitive bidding for audit or accounting services.[2] It is worthy of note that neither is competitive bidding required by this statutory scheme.
The answer to both parts of your second question is, in my opinion, also "no". This language appears to be clear in permitting waiver by the "governing body". This language must control.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] In determining legislative intent, each section is read in light of every other section, and the object and purpose of the legislative enactment are to be considered. Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 247 (1958). This clarifies the reference to "the firm" and "firms" in Sections19-11-803 and 19-11-804, further indicating that these provisions should be construed as addressing the evaluation and selection of legal, architectural, engineering, and land surveying firms.
[2] A.C.A. 14-48-123 does state that competitive bidding is not required for the employment of an accountant in connection with the annual audit in a city with the administrator form of government.