The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, AR 75501
Dear Senator Dowd:
This is in response to your request for an opinion on the following questions regarding A.C.A. § 22-8-104 (1987):
 1. Does A.C.A. § 22-8-104 prohibit the use of a county owned vehicle for any purpose other than performing actual service for the county?
 2. Does A.C.A. § 22-8-104(a) prohibit the use of county owned vehicles (trucks and cars) by county employees, county road commissioners or the county judge for purposes of transporting themselves to and from work? If the prohibition is not absolute, please state any exceptions.
 3. Does A.C.A. § 22-8-104(b) apply to county employees, the county judge, road commissioners, or any combination thereof?
 4. Does A.C.A. § 22-8-104 prohibit an employee of the Arkansas State Highway Department from using a state highway department vehicle for transporting himself to and from work? If this prohibition is not absolute, please state any exceptions.
 5. Does A.C.A. § 22-8-104(d) mean that sanctions could be imposed for each violation? More specifically, is it your opinion that each separate instance of private use of a public vehicle, either state or county, could result in the imposition of a separate penalty?
 6. Does A.C.A. § 22-8-104 prohibit a county employee, the county judge and/or county road commissioner from using a county owned truck to haul and/or dump gravel on private property, a private driveway or a private road?
Section 22-8-104 states as follows:
 (a) It shall be unlawful for any state or county employee, who is employed by the Arkansas State Highway and Transportation Department or by a county highway department, county judge, or road commissioner to use trucks and automobiles that belong to the state or county for any purpose other than performing actual service for the state or county.
 (b) The use of publicly owned cars and trucks for individual use to make pleasure trips on Sundays and other holidays, except when going to and from the place of employment or transporting tools, material, and other supplies to places of necessity, is prohibited.
 (c) The provisions of this section shall not be so construed as to prevent judges and road commissioners from making road inspection trips when the judge or road commissioner deems the inspections necessary.
 (d) Any person who violates any of the provisions of this section shall be guilty of a misdemeanor and upon conviction shall be fined not less than fifty dollars ($50.00) and not more than one hundred dollars ($100). [Emphasis added.]
The answer to your first question is, therefore, "yes," in accordance with the language emphasized above under subsection (a) of § 22-8-104. But see discussion, infra, regarding the applicability of this Code section.
It should be initially noted, in responding to your next two questions, that in construing legislative enactments, each section must be read in light of every other section, with consideration given to the object and purposes of the statute.Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958). It is my opinion, following this rule of construction, that when subsection (a) is read together with subsection (b) of §22-8-104, it may reasonably be concluded that the answer to your second question is "no."
Although the exception under subsection (b) "going to and from the place of employment" appears to modify the prohibition against "individual use to make pleasure trips . . .," it should not, in my opinion, be read to imply that the use of vehicles for transportation to and from work at other times is prohibited. Rather, this provision may be construed as merely clarifying that while individual use to make pleasure trips is prohibited, nevertheless transportation to and from work is a proper use. This provision at least indicates that the legislature does not consider the use of vehicles for transportation to and from work as generally falling within the prohibition. The strict construction that must be accorded § 22-8-104, due to its criminal sanctions (see generally Wilcox v. Safley Constr.Co., 198 Ark. 159, 766 S.W.2d (1989)), compels me to conclude that all doubts in this regard will be resolved in favor of the contention that transportation to and from work is not an unlawful use. It is my opinion that rather than constituting an exception, this use would in all likelihood be deemed to satisfy the requirement that the vehicles be used only to perform "actual service" for the state or county.
With regard to your third question, it is my opinion that when read as a whole, § 22-8-104 applies to county highway department employees, county judges and road commissioners.
Although subsection (b), read apart from the other subsections, might be construed to apply to county employees generally, these provisions must, as noted above, be read together.[1]
The answer to your fourth question is, for the reasons noted above in response to question number 2, "no."
The answer to your fifth question is, generally, "yes." Any determination with regard to separate violations would, however, rest with the prosecuting attorney.
In response to your final question, with regard to the individuals covered by § 22-8-104 (see response to question 3, above), these uses would, as a general matter, appear to be prohibited as not constituting "actual service for the state or county." A.C.A. § 22-8-104(a). See generally Pogue v.Cooper, 284 Ark. 105, 679 S.W.2d 207 (1984). A conclusive determination would, however, require consideration of all surrounding facts and circumstances.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This is not to say that the use of publicly owned cars and trucks for individual use by other county employees is not prohibited. Section 22-8-104 is not, however, in my opinion, the applicable provision of law in this regard.