The Honorable Olly Neal Prosecuting Attorney First Judicial District 31 North Poplar Street Marianna, AR 72360
Dear Mr. Neal:
This is in response to your request for an opinion concerning the payment of filing fees for an upcoming election. Your letter states that a consent decree entered in the federal district court case of Hunt et al. v. State of Arkansas, et al., No. PB-C-89-406, divided certain judicial districts into sub-districts. The First Judicial District was among those divided, and it now has two distinct geographic sub-districts for the election of circuit and chancery judges. You have further stated that the sub-district which will elect the Division One circuit judge and the Division Two chancery judge is drawn in such a way that no resident of Woodruff County may vote for the Division One circuit or the Division Two chancery judge. Your specific question is as follows:
 May a candidate seeking election in the May 26, 1992, Democratic Primary for the Division One circuit judgeship or the Division Two chancery judgeship, be required to pay a filing fee in Woodruff County?
It is my opinion that the answer to your question is "no." A candidate seeking election in the May 26, Democratic Primary for the Division One circuit judgeship or the Division Two chancery judgeship may not be required to pay a filing fee in Woodruff County.
As noted in your letter, the consent decree entered on November 7, 1991, creates electoral sub-districts within, inter alia,
the First Judicial District. The lines for the sub-district which will elect the Division One circuit judge and the Division Two chancery judge are drawn in such a way that Woodruff County is not made a part of that electoral sub-district. While the consent decree specifically states that all judges elected from the electoral sub-districts are to exercise jurisdiction district-wide (Consent Decree at 3), it does not, however, address the issue of filing fees within the sub-districts. State law must therefore be considered with regard to this issue. Arkansas Code of 1987 Annotated § 7-7-301 states in relevant part that:
 (a) On or before the time provided in § 7-7-203(c),[1] all candidates at primary elections held by political parties shall file any pledge required by such party and shall pay the ballot fees required by the party, as follows:
* * *
 (2) Candidates for district offices . . . shall . . . pay the ballot fees with the secretary of the respective county committees of the district[.]
Section 7-7-301 was enacted by the legislature through Act 465 of 1969, well in advance of the date of the Hunt v. Arkansas
consent decree, when electoral sub-districts had been neither created nor, presumably, contemplated. The Arkansas Supreme Court has stated that legislative intent of an act must be discerned by looking to all the statutory provisions and giving effect to all the parts. Shinn v. Heath, 259 Ark. 577, 535 S.W.2d 57 (1976). Also, each section of the statute is to be read in light of every other section, and the object and purposes of the act are to be considered. Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297
(1958). In my opinion, the legislative intent of the filing fees required of candidates in § 7-7-301 appears to include providing for financial assistance to districts, or the sub-districts, as the case may be, to hold the elections within which the candidates are vying.
Section 7-7-301 states that candidates are to pay their filing fees with the secretary of the "respective count[ies] . . . of the district." In the instant case, the "counties of the district" are those making up the electoral sub-district. That is, those counties electing an individual to the Division One circuit judgeship and to the Division Two chancery judgeship will be Cross, St. Francis, Lee, Monroe and Phillips. Although each of the judges elected will exercise jurisdiction throughout the entire Judicial District (i.e., all six counties, including Woodruff County), the electoral sub-district electing the Division One circuit and Division Two chancery judge does not include Woodruff County. Therefore, a candidate for office within that five-county electoral sub-district would not be required to pay a filing fee within the sixth county (i.e., Woodruff County) as he is not being elected from that county.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Arkansas Code Annotated § 7-7-203 provides that ballot fees shall be paid in the period beginning at 12:00 noon on the third Tuesday in March and ending at 12:00 noon on the fourteenth day thereafter, before the preferential primary election. The dates relevant herein within which a candidate may pay his or her filing fee then are March 17, through March 31, 1992.