Mr. Larry E. Crane, Director Assessment Coordination Division 1614 W. Third Little Rock, AR 72201
Dear Mr. Crane:
This is in response to your request for an opinion clarifying Op. Att'y Gen. 92-271. That opinion was issued on January 28, 1993 to Mr. Michael T. Pyron, Chairman of the Appraiser Licensing 
Certification Board ("Board").
Opinion 92-271 pertained to the extent of the Board's authority over individuals licensed under the Appraiser Licensing and Certification Act, which is codified at A.C.A. §§ 17-51-101—306 (Repl. 1992). The opinion noted that county assessors who conduct property appraisals for ad valorem tax purposes fall under the exception to the licensure requirement set out at §17-51-104(b)(1) for "state, county, or municipal public officers." The opinion also noted that so long as such county assessors were performing appraisal services within the scope of their employment as county officers, they were not required to be licensed and were therefore not subject to the authority of the Board. It was noted further, however, that when such officers perform appraisals outside the scope of their employment, they were subject to the licensure requirements of the Act. It was therefore concluded that if such assessors choose to become licensed in order to be qualified to perform appraisals outside the scope of their employment as county officers, the assessors would then be subject to the authority of the Board and the provisions of §§ 17-51-101—306.
You note in your request that you are concerned that, as a result of Opinion 92-271, some confusion may be possible concerning whether assessors or their employees who have chosen to apply for licensing as fee appraisers under the Board would be under a duty to apply fee appraisal standards and techniques in the course of their mass appraisal work. It is my understanding from conversations subsequent to your request that by "fee appraisals," you are referring to those "residential" appraisals conducted pursuant to §§ 17-51-101—306; and by "mass appraisals," you are referring to those property appraisals which are conducted for ad valorem tax purposes (i.e., those conducted by county assessors or "local assessment employees"). You note that while the educational program offered by the Assessment Coordination Division (pursuant to A.C.A. § 26-26-503 (Repl. 1992)) teaches both fee and mass appraisal methodologies, for most ad valorem tax purposes, "only in an appeal situation would the documentation procedures and requirements used in fee appraisals conducted under the guidelines established by the Board be necessary, appropriate, or even desirable."
You have also noted that these local assessment employees sometimes supplement their income by obtaining a license from the Board to conduct residential fee appraisals. Your request expresses concern that Opinion 92-271 could be read to indicate that when local assessment employees obtain such a license, they submit fully to the requirements set out by the Board for all appraisal work; that is, even the work performed as an employee of a local government who would otherwise function under the Assessment Coordination Division's supervision and guidance. "The opinion could be interpreted to place an assessment employee . . . who is licensed by the Board on the horns of a dilemma: either do his or her job using the accepted methodologies of mass appraisal . . . and risk being found to have violated the rules of the Board concerning what must be done with every estimate of value, or comply with the requirements of the Board and subject his or her employer to untenable cost, or to forego earning what may be necessary outside income."
In light of the above, your specific question is as follows:
 Under A.C.A. § 17-51-104, and other applicable law including, but not limited to Act 48 of 1980 [i.e.,
A.C.A. § 26-26-503 (Repl. 1992)], would an Assessor or an employee of a local government who was licensed to engage in fee appraisal work by the Appraiser Licensing and Certification Board fall under the Board's jurisdiction for censure or penalty for appraisals or appraisal activities undertaken within the scope of his or her government employment, or would only those activities involving fee appraisal work outside his or her government employment be subject to the Board's jurisdiction?
It is my opinion that the Board's authority extends only to those activities involving fee appraisal work outside the local assessment employee's governmental employment. This result is, in my opinion, implied from the language of A.C.A. §17-51-104(b)(1).
As noted in Opinion 92-271, § 17-51-104 states with regard to the exception from the licensure requirement that:
 (b)(1) The provisions of this chapter shall not apply to:
 (A) Any state, county, or municipal public officer; or
 (B) Any full-time employee of any agency, department, or commission of this state while such officer or employee is performing appraisal or appraisal-related duties as such officer or employee. Any appraisals performed by state, county, or municipal officers or employees outside the scope of their employment are subject to the provisions of this chapter;. . . .
Accordingly, one who performs appraisals within the scope of his or her employment as a state, county, or municipal officer or employee is not subject to the authority of the Board or the provisions of the chapter. Rules of statutory construction dictate that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985). In determining legislative intent, each section of a statute is read in light of every other section, and the object and purposes of the statute are to be considered.Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1985). Based upon established rules of statutory construction, it is my opinion that § 17-51-104(b)(1) indicates an intention by the General Assembly to exclude from the purview of the Board's authority those who are performing appraisal services within the scope of their employment as state, county, or municipal officers or employees.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh