The Honorable Doyle Webb State Senator P.O. Box 1998 Benton, AR 72018
Dear Senator Webb:
This is in response to your request for an opinion on the following question:
 Under Amendment 55 and its implementing legislation, can a quorum court provide for its own organization and management of its affairs by establishing a procedure to establish committees of the quorum court (i.e., budget committee, road committee, personnel committee) and a procedure to select justices of the peace to serve on these committees?
It is my opinion that the answer to this question is "no" if the "procedure" would remove or diminish the presiding officer's appointive authority under A.C.A. § 14-14-904 (Cum. Supp. 1993). This Code section states in relevant part as follows under subsection (d):
 The county judge shall preside over the quorum court without a vote but with the power of veto. In the absence of the county judge, a quorum of the justices by majority vote shall elect one (1) of their number to preside but without the power to veto. The presiding officer shall appoint all regular and special committees of a quorum court, subject to any procedural rules which may be adopted by ordinance. [Emphasis added.]
Any procedure with respect to establishing committees of the quorum court must therefore be scrutinized with reference to § 14-14-904(d). Although the language of this Code section is not entirely clear, it is my opinion that the presiding officer's authority thereunder includes both the power to designate or prescribe committees, and the authority to name persons to serve on the committees. This follows from the usual meaning of the term "appoint." As stated in Corpus Juris Secundum:
 The word `appoint' is defined as meaning to allot, set apart, or designate; to choose or select; to nominate or authoritatively assign. It ordinarily means to designate some person to occupy an office or perform some function; to constitute, fix, ordain, prescribe, or settle; also to assign authority to a particular use, task, or position; or to exercise authority to place in office.
6 C.J.S. 100-101 (1975).
The usual meaning of the term "appoint" will apply, under established rules of statutory construction, in the absence of any indication of a different legislative intent. See generally Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986) and Thompson v. Younts, 282 Ark. 524,669 S.W.2d 471 (1984).
With regard to the quorum court's authority under § 14-14-904(d) to adopt "procedural rules" by ordinance, it is my opinion that this may reasonably be construed to refer to rules of procedure for the committees. This should not, however, in my opinion, be interpreted as vesting the quorum court with authority concerning the actual designation and selection of committees. This language from subsection (d) must be read in light of the remainder of § 14-14-904. See generally Chism v. Phelps,228 Ark. 936, 311 S.W.2d 297 (1958) (stating that in determining legislative intent, each section is read in light of every other section, and the object and purpose of the statute are to be considered). It must be presumed, moreover, that the legislative intent and purpose is consistent throughout the Code section. See generally Commercial Printing Co. v.Rush, 261 Ark. 468, 549 S.W.2d 790 (1977). Thus, words used in different parts of § 14-14-904 must be presumed to have the same meaning throughout. Id.
Applying these precepts, it seems clear that the "procedural rules" in subsection (d) has reference to rules of procedure for regular and special committee meetings. Viewed as a whole, § 14-14-904 focuses primarily on procedures governing quorum court assembly and action. And the other specific references to procedural rules are clearly limited to matters involving the mode of proceeding. See A.C.A. § 14-14-904(c) (regarding notice of special meetings in the absence of "procedural rules") and § 14-14-904(e) (regarding "rules of procedure" of the quorum court and manner of compelling attendance).
In my opinion, therefore, the phrase "subject to any procedural rules" in subsection (d) of § 14-14-904 does not authorize the quorum court to adopt procedures governing the establishment of committees and the selection of JP's to serve on the committees. Authority in this regard is vested in the presiding officer. Thus, to this extent, the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh