The Honorable Brad W. Butler Prosecuting Attorney Nineteenth Judicial District Post Office Box 536 Berryville, Arkansas 92616
Dear Mr. Butler:
This is in response to your request for an opinion on whether a quorum court, in creating an ambulance service improvement district pursuant to A.C.A. § 14-282-102(e) (Supp. 1995), may levy a property tax on personal, as well as real, property within the district. Your request states that a quorum court has created an ambulance service improvement and levied an assessment on both the real and personal property therein, and that a resident of the district has complained that the quorum court has no authority to levy an assessment upon personal property.
The statute authorizing a quorum court to form and impose an assessment on property within an ambulance service improvement district provides in relevant part as follows:
 An assessment of up to five (5) mills may be levied by the quorum court in the ambulance service district area, provided that the assessment is approved by at least a majority of the qualified electors voting on the issue at an election called for that purpose.
A.C.A. § 14-282-102(e)(1)(B).
The quorum court's authority to levy an assessment upon personal property apparently is called into question because the statute does not specify the property upon which an assessment may be levied in an ambulance service improvement district created by a quorum court.
In my opinion, a quorum court creating an ambulance service improvement district pursuant to A.C.A. § 14-282-102(e) is without authority to levy an assessment upon personal property within the district.
Originally, an ambulance service improvement district could be created only by a county court following its receipt of a petition of property owners in the proposed district. See A.C.A. § 14-282-102(a); Act 1221 of 1976 (Extended Sess. 1976). The statute was later amended to permit quorum courts to create districts, by an act entitled "An Act to Amend Arkansas Code 14-282-102 to Establish an Additional Method of Establishing an Ambulance Service District. . . ." See A.C.A. §14-282-102(e); Act 498 of 1989. In my opinion, then, a district created by a quorum court and a district created by a county court are both entities of the same type; in other words, Act 498 did not authorize the creation of a new kind of entity, but only the creation of a familiar and existing type of entity by a different method.[1]
Clearly, an ambulance service improvement district created by a county court can assess and collect only those benefits accruing to real property as a result of the district's operations. A.C.A. §14-282-110(a). Because the General Assembly did not expressly give quorum courts more authority in this area than that given to the board of commissioners of a district created by a county court, I cannot conclude that the statute authorizes quorum courts to levy an assessment upon personal property within the district. A statute must be considered in its entirety to determine the legislative intent. Henderson v. Russell,267 Ark. 140, 589 S.W.2d 565 (1979); Chism v. Phelps, 228 Ark. 936,311 S.W.2d 297 (1958).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] Act 498 referred to the entity that could be created by a quorum court as an "ambulance service improvement district." See Act 498 of 1989, § 1. A later amendment changed the statute to refer to an "ambulance service district." See Act 457 of 1991, § 1. Act 457 did not, however, purport to change the nature of the entity at issue.