Mr. Robert L. Laman Director, Arkansas State Building Services 1515 Building, Suite 700 1515 West Seventh Little Rock, AR 72201
Dear Mr. Laman:
This is in response to your request for an opinion on the following question concerning the historic sites improvement laws, which are codified as A.C.A. §§ 22-9-208 through -211 (Repl. 1996):[1]
 Does the State have the option of foregoing the use of the historic site laws [A.C.A. §§ 22-9-208 to -211] for capital improvement projects on state owned historic sites and utilizing those procedures specified for public works capital improvements under §§ 22-9-203 and 19-4-1405 or is the State mandated to follow the historic site law (that all projects regarding historic sites are `specific') whenever there is an alteration, repair, or renovation on State owned historic sites?
It is my opinion that, strictly speaking, neither of the above alternatives accurately reflects the intent of §§ 22-9-208 through -211. Determining and giving effect to the intent of the legislature is of course the cardinal rule of statutory construction. Hice v. State,268 Ark. 57, 593 S.W.2d 169 (1980). Each section is read in light of every other section, and the object and purposes of the legislation are to be considered. Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958). Additionally, the statute should be construed so that no word is left void, superfluous, or insignificant. Locke v. Cook, 245 Ark. 787,434 S.W.2d 598 (1968).
Following these precepts, I conclude that the legislature intended for agencies to utilize §§ 22-9-201 through -211 when increased costs would otherwise result due to the inability of bidders to accurately determine the costs in altering, repairing, or renovating the particular historic site or structure. I believe this conclusion reasonably follows from the following language in § 22-9-208 regarding legislative intent:
(a) The General Assembly finds and determines that the:
 (1) Mandatory adherence to competitive bidding of all costs in altering, repairing, or renovating historic sites and structures has resulted in increased costs due to the inability of bidders to accurately determine, on the basis of only an external examination of the historic sites and structures, the exact quantity of labor, materials, and supplies necessary to meet the restoration standards;
 (2) The State of Arkansas would conserve state revenues by giving agencies charged with restoring or maintaining historic properties authority to select the contractors on the basis of the lowest responsible bid price, the bidder's experience in like work, and the techniques he proposes to employ, and by giving the agencies authority to reimburse contractors on an actual cost basis for those cost components which cannot be accurately predetermined before undertaking the project[.]
The statement regarding "increased costs" resulting from "mandatory adherence to competitive bidding of all costs[,]" considered together with the finding that state revenues would be conserved by giving agencies the authority to select contractors under these procedures, leads to the conclusion that the legislature intended for agencies to take advantage of these provisions when contracting for the altering, repairing, or renovation of recognized historic sites or structures. Clearly, however, the legislature did not mandate the use of these procedures on all such projects. This is reflected in the language concerning the agencies' "authority to select the contractors" as provided therein and the agencies' "authority to reimburse contractors on an actual cost basis. . . ." A.C.A. § 22-9-208(a)(2), supra (emphasis added). Provision is also made for the application of these procedures "for specific projects only after review and approval by the Chief Fiscal Officer of the State, the State Building Services Council, and the Legislative Council." A.C.A. § 22-9-208(a)(3). An explicit requirement that these historic site procedures be followed on all restoration projects could easily have been stated if that had been the intent.
It is my opinion, following a reading of these Code sections as a whole, that an initial determination regarding the use of the historic site bidding procedures should be made by the agency involved, based upon the likelihood of bidders accurately predetermining the project costs. This would obviously require analysis on a project-by-project basis, rather than a general, across-the-board determination that the procedures under §§ 22-9-208 through -211 will not be applied. That is why I conclude, in response to your specific question, that there is no general option of foregoing the use of the historic site laws.
On the other hand, as noted above, it seems clear that the legislature has not required the use of these procedures on each and every project. The agency "charged with restoring or maintaining historic properties" (§ 22-9-208(a)(2)) may determine that the costs on a particular project can be accurately predetermined, in which case so-called "standard" competitive bidding procedures would presumably be followed. Or the Chief Fiscal Officer, the State Building Services Council, and the Legislative Council may not approve use of the historic site bidding procedures for a specific project. See A.C.A. § 22-9-208(a)(3).[2] It can thus be seen that it is not entirely accurate to state that the historic site laws must be followed whenever there is an alteration, repair, or renovation on State owned historic sites. The agencies must, in my opinion, make an assessment regarding the applicability of these procedures on a project-by-project basis. But a determination may be made, either by the agency or by the Chief Fiscal Officer, the State Building Services Council, and the Legislative Council that the procedures should not be applicable for a specific project.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] These provisions are the codification of Act 869 of 1977. The act has not been amended.
[2] See also A.C.A. § 22-9-209(d) ("No agency shall advertise for bids under the provisions of [§§ 22-9-208 through -211] without seeking the advice of the Legislative Council and the State Building Services Council.")