The Honorable Jimmy "Red" Milligan State Representative P.O. Box 68 Yellville, AR 72687-0068
Dear Representative Milligan:
This is in response to your request for an opinion regarding A.C.A. §§8-6-408 and 8-6-413, two sections of the Litter Control Act (A.C.A. §§8-6-401—416). Section 8-6-408 prohibits a person from placing any junk motor vehicle "upon any private property which he does not own, lease, rent, or otherwise control. . . ." Section 8-6-413 authorizes law enforcement personnel to take into custody any junk motor vehicle found on private property, without specifying the property ownership. You have asked the following question in this regard:
 Does this allow for an enforcement officer to enter onto any property to remove a junk motor vehicle whether it is property that you do own or do not own?
RESPONSE
It is my opinion that Section 8-6-413 does not authorize a law enforcement officer to remove a person's junk motor vehicle from his or her own private property.
This conclusion follows from a reading of Section 8-6-413 in light of Section 8-6-408, in accordance with established rules of statutory construction. See generally Chism v. Phelps, 228 Ark. 936, 311 S.W.2d 297
(1958) (noting that in determining legislative intent, each section is read in light of every other section, and the object and purpose of the statute are to be considered). Sections 8-6-408 and 8-6-413 provide, respectively, as follows:
 It shall be unlawful for any person to place, or cause to be placed, any junk motor vehicle, old vehicle tire, or inoperative or abandoned household appliance, or part thereof, upon the right-of-way of any public highway, upon any other public property, or upon any private property which he does not own, lease, rent, or otherwise control,
unless it is at a salvage yard, a permitted disposal site, or at the business establishment of a demolisher.
A.C.A. § 8-6-408 (Repl. 2000) (emphasis added).
 Any enforcement agency described in 8-6-412 which has knowledge of, discovers, or finds any junk motor vehicle, old vehicle tire, or inoperative or discarded household appliance on either public or private property may take it into custody and possession. For that purpose, the enforcement agency may employ its own personnel, equipment, and facilities or hire persons, equipment, and facilities for the purpose of removing, preserving, and storing junk motor vehicles, old vehicle tires, or inoperative or abandoned household appliances. However, before taking any junk motor vehicle into custody and possession from private property, the enforcement agency shall give the private property owner and the owner of the motor vehicle, if ascertainable, thirty (30) days' notice by registered or certified mail that such action will be taken unless the motor vehicle is restored to a functional use, disposed of by the owner in a manner not prohibited by this subchapter, or placed in an enclosed building. The thirty (30) days' notice may be waived by the owners of the property.
A.C.A. 8-6-413 (Repl. 2000) (emphasis added).
I believe it is clear that these provisions, when read together, are aimed at preventing persons from discarding, among other things, junk motor vehicles on another person's private property. Section 8-6-408 is unambiguous in referring to "any private property which he does not own, lease, rent, or otherwise control. . . ." (See language emphasized above). As you note, Section 8-6-413 simply refers to "private property," without any reference to ownership. But clearly, this section is directed toward the conduct proscribed in § 8-6-408. The same items are listed, i.e., "junk motor vehicle, old vehicle tire, or inoperative or discarded household appliance." (See language emphasized above). And notice must be given to "the private property owner and the owner of the motor vehicle, if ascertainable," thus reflecting the fact that they will not be one and the same.
It is therefore my opinion that the placement of one's own junk motor vehicle on one's own private property is not unlawful under the Litter Control Act. This is not to say, however, that a person can keep his own junk motor vehicles on his own property and never be subject to any removal authority. This opinion only addresses the Litter Control Act, in response to your specific question. Whether any other remedies are available to law enforcement or other government personnel will depend heavily upon the particular facts. You may wish to consider in this regard the following potential sources of authority: The Arkansas Highway Beautification Act (A.C.A. § 27-74-101 et seq., particularly the provisions governing the control of junkyards — A.C.A. §§ 27-74-401—408), the Arkansas Solid Waste Management Act (A.C.A. § 8-6-201 et seq.), any relevant local ordinances, and public nuisance law generally.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh