The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Ms. Priest:
This is in response to your request for an opinion regarding Act 1789 of 2001, an act concerning nonpartisan judicial elections. Your specific question is as follows:
 If a qualified elector votes using a separate nonpartisan judicial general election ballot at any time during the election process, i.e., absentee, early, at the poll on election day, is that elector still eligible to vote a preferential primary election ballot at a later time during that same election process? For example, if John Doe early votes in the nonpartisan judicial general election, is Mr. Doe still eligible to vote in the preferential primary at the polling site on election day?
RESPONSE
It is my opinion that the answer to both of these questions is "no."
Act 1789 of 2001declares the offices of Supreme Court Justice, Judge of the Court of Appeals, Circuit Judge, and District Judge to be "nonpartisan offices."[1] Acts 2001, No. 1789, § 2(a). The act requires that the general elections for such judicial offices shall be held on the same dates and at the same times and places as the preferential primary elections. Id., § 2(b)(1). The act then states as follows under Section 2(b)(2) and (3) with regard to the ballots in such elections:
 (b)(2) The names of candidates for nonpartisan judicial offices shall be included on the ballots of the political parties and shall be designated as nonpartisan judicial candidates. However, separate ballots containing only the names of nonpartisan judicial candidates shall be prepared and shall be made available to voters requesting the same.
 (3) No voter shall be required to vote in a political party's preferential primary in order to be able to vote in nonpartisan judicial elections.
Thus, while the names of the candidates in the nonpartisan judicial general election are included on the party primary ballots, provision is also made for a separate, nonpartisan judicial election ballot containing only the names of judicial candidates. This is consistent with the constitutional requirement that the judges be elected on a nonpartisan basis. See n. 1, supra.
It is my opinion, however, that the purpose of this separate ballot is to accommodate those voters who do not wish to vote in the party primary but who do wish to vote for the judicial candidates. This follows, in my opinion, from a reading of Section 2 as a whole, consistent with established rules of statutory construction. See generally Chism v.Phelps, 228 Ark. 936, 311 S.W.2d 297 (1958) (stating that in determining legislative intent, each section is read in light of every other section, and the object and purposes of the statute are to be considered). Reading subsections (2) and (3) of Section 2(b) together, I conclude that the legislature required these separate judicial election ballots solely for the purpose of allowing voters to vote only in the nonpartisan judicial election. The legislature did not intend to make this ballot available to those who want to vote in the primary. Act 1789 requires that the party primary ballot contain the names of the nonpartisan judicial candidates, presumably as a practical matter owing to the fact that the nonpartisan judicial general election is held at the same time and place as the preferential primaries. In my opinion, this is within the legislature's discretion. It is my opinion that the legislature may dictate this ballot form, as long as those wishing to vote only in the nonpartisan judicial general election may do so. Section 2(b)(2) and (3) of Act 1789 accommodates that wish. There is, however, no separate ballot for the primary that does not contain the judicial races. Nor, in my opinion, is such a ballot required. Thus, those who wish to vote in the primary must use the preferential primary ballot, which includes the names of the nonpartisan judicial candidates. See,e.g., Section 9 of Act 1789 (setting out the form of absentee ballots). There is no requirement that the voter must vote for the judicial candidates. But those who want to vote in the primary must use this ballot and must cast their votes for the nonpartisan judicial candidates on this ballot.
This conclusion is dictated by a plain reading of Section 2, as noted above, as well as by the practical problems that would arise if voters were able to use the separate nonpartisan judicial election ballot, and then also use the preferential primary ballot. This would afford an opportunity to vote twice for the judicial candidates, an opportunity clearly not contemplated by Act 1789. No provision was made to guard against this, nor can it reasonably be contended that the legislature intended for election clerks to bear the burden of preventing voters from casting their votes twice for judicial candidates.
In conclusion, therefore, it is my opinion that those who request the separate ballot containing only the names of the nonpartisan judicial candidates are choosing to vote only in the general election for nonpartisan judicial candidates. They cannot also use the preferential primary ballot. Those wishing to vote in the primary must use the preferential primary ballot, and they must use this ballot to vote for the nonpartisan judicial candidates. The answer to both of your questions is therefore "no." An elector who votes using a separate nonpartisan judicial general election ballot at any time during the election process, whether absentee, early, or at the poll on election day, is not then eligible to vote a preferential primary election ballot at a later time during the same election process, whether at the polling site on election day or otherwise.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] This is in accordance with Sections 17 and 18 of Amendment 80 to the Arkansas Constitution (effective July, 2001), which requires the nonpartisan election of such judges.